THE PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v.* FRANCISCO FERNÁNDEZ GONZÁLEZ ET AL., Defendants and Appellees.

No. 13182. Argued May 7, 1948.—Decided May 17, 1948.

*Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney* for appellant. *Gustavo Marrero Ledesma,* for appellees.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Francisco Fernández González and Francisco González González were charged with burglary in the first degree. The charge was that they broke into the commercial establishment

of Basilio Carrasquillo in the night time with intent to commit grand or petit larceny, taking a number of articles belonging to Carrasquillo. The defendants were tried by a jury and convicted. The defendants moved for a new trial on the ground that the verdict was contrary to the evidence and insufficient to sustain the verdict. The lower court granted the motion, and the People appealed.

Basilio Carrasquillo testified that in December, 1944 he had two commercial establishments in Barrio Torrecillas Bajas of Canóvanas; that before December 22 the defendant Francisco Fernández González had been a clerk in the store involved herein but the latter left because he did not want to continue working for Carrasquillo; that he worked for Carrasquillo for nine days; that on December 23 Carrasquillo went to the establishment because his clerk, Lauro Vázquez, came to his house and told him that almost half the store had been taken; that he went to the store and found the front door broken and the back door open; that a good deal of merchandise, valued at $150, had been taken, including potatoes, lard, sausage, rice and onions; that some of these goods later appeared in a plot of cane; and that on December 22, 1944 the defendants lived adjacent to his store.

On cross-examination this witness testified that he sent the defendant, Francisco Fernández, to obtain an OPA certificate, but the latter inscribed the store in his own name. He also testified that the Health Department certificate was in his, Carrasquillo's, name. He called the defendant's attention to the fact that the OPA certificate had been put in the latter's name, and the defendant answered, "It is not mine but I am going to work in it." He also testified on cross-examination that he agreed to pay Francisco Fernández $12 weekly as a clerk, but he did not pay him anything because he had never actually worked.

Angel Luis Rivera testified that on December 22, 1944 he lived at Central Canóvanas; that the defendant came to his house about midnight in order to get him to accompany them

to town, telling him they had a sick child; that he got up and went with the defendants; that when they arrived at the establishment of Basilio Carrasquillo, the defendants, one with a pistol and the other with a long knife, told him that they wanted him in order to carry a load of provisions from the store of Basilio Carrasquillo to a plot of cane; that they forced him to go to the place, but he left and went home and concealed himself among some growing bananas in order to see what the defendants were doing and he saw them carrying on their heads something that they put in a plot of cane.

On cross-examination he testified that when the defendants went to look for him, they already had the store opened by force and they had the articles located outside the store. He also testified on cross-examination that he never saw Francisco Fernández selling in the store and did not know him as the owner thereof; that he saw Basilio Carrasquillo in the store.

Lauro Vázquez testified that he was working at the store on the 22nd and 23rd of December; that he had been working there for two days; that on December 22 he closed the store at six in the evening with all the articles in the store; that on the following day, at six in the morning when he opened the store, he saw that the front door had been forced and the back door was open, and some of the provisions, such as rice, lard and a bag of potatoes, were missing; that he notified Basilio Carrasquillo and policeman Rafael Jusino.

Marcelino Pérez testified that on December 22 he was home and at eleven at night the defendants came to see him in order for him to help them take some provisions out of the store of Basilio Carrasquillo.

Rafael Jusino testified that he investigated this matter; that when he arrived at the store, he found that the front door had been forced and the back door was open; that he found part of the provisions in a plot of cane near the store; that he carried the articles to the police station and later delivered them to Basilio Carrasquillo, obtaining a receipt

therefor; that he questioned Francisco Fernández González and in the course of the investigation he said that the burglary of Basilio had him worried, to which the latter replied "To Basilio this has to be done and much more."

At the close of the testimony offered by the People, the defendants moved for a nonsuit, which was denied by the district court. The defendants offered no testimony, and were convicted of burglary in the first degree by the jury.

The basis of the order granting the motion for a new trial was that "the defendants ought to be given another opportunity to prove what was the true contract that governed between Basilio Carrasquillo and Francisco Fernández González, in order to see if at the time the articles were taken the intention of the co-defendant Francisco Fernández González was to liquidate by force a partnership of profit and loss or to commit petty or grand larceny."

The district court did not have the benefit of the transcript of the testimony. This may explain why the district court went astray in stating in its order granting a new trial that "Basilio Carrasquillo tried to prove to the court that Francisco Fernández González was his employee, but in the cross-examination it was discovered that he was rather a partner, since there was no agreement as to salary and although the merchandise belonged to Basilio Carrasquillo, he was expecting to leave the business in order then to make a definite arrangement with Francisco Fernández González. In another part of his testimony he said that Francisco Fernández González was in charge of the store. It appears that some of the OPA certificates that were needed to operate the store were in the name of Francisco Fernández González. Nine days passed and Basilio Carrasquillo and Francisco Fernández González could not arrive at an agreement. During the cross-examination of this witness, it came out that he considered Francisco Fernández González as his employee, although

without salary, 'in charge of the store' while Francisco Fernández González considered himself a partner of Basilio Carrasquillo."

The transcript of the testimony, which is before us, does not bear out these conclusions of the lower court. On the contrary, Carrasquillo emphatically denied that Francisco Fernández González was his partner. Although his testimony at first was to the effect that he offered to pay Fernández González according to the way business went, he later said over and over again that his offer was to pay him $12 a week and not in accordance with what was earned. And as we have seen, the certificate from the OPA was obtained without his knowledge or authority, whereas the Health Department certificate was in his own name. We are unable to find from the record any basis for the statement of the district court that Fernández González considered himself a partner. He did not take the stand; indeed, the defendants offered no testimony whatsoever.

The record contains ample testimony in support of the verdict against both defendants. The lower court properly denied the motion for nonsuit. When the defendants offered no testimony, it was proper for the jury to convict them. Neither the motion of the defendants nor the order of the district court contains anything which warranted the granting of a new trial. The defendants have filed no brief in support of the order granting a new trial. We have recently emphasized that only the most powerful reasons justify the granting of a motion for a new trial in a criminal case. See *People* v. *Ortiz,* 68 P.R.R. 632, *People* v. *Morales,* 66 P.R.R. 9. The district court abused its discretion in granting the motion for a new trial.

The order of the district court granting the motion for a new trial will be reversed and the case remanded for imposition of sentence.

Mr. Justice De Jesús did not participate herein.